UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JORDANA MARINKOVIC BAUMAN,<br><br>          Debtor.<br>―――――――――――――――<br>MEL MARIN,<br><br>          Petitioner,<br>v.<br><br>CHRISTOPHER LATHAM,<br><br>          Respondent. | Case No.: 24-CV-926 JLS (BLM)<br>Bankruptcy No.: 24-1264-13-CL<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING PETITION; AND (3) DISMISSING ACTION**<br><br>(ECF Nos. 1, 2) |

  Presently before the Court is Petitioner Mel Marin's Petition for Writ of Mandamus to Recuse Bankruptcy Judge and/or to Vacate a Prior Dismissal of this Judge and to Stay the Present Bankruptcy Action ("Pet.," ECF No. 1). Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* ("IFP Mot.," ECF No. 2). This case was recently transferred to this Court pursuant to this District's Low Number Rule. *See* ECF No. 4. For the reasons below, the Court **GRANTS** the IFP Motion, **DENIES** the Petition pursuant to 28 U.S.C. § 1915(e)(2), and **DISMISSES** this action.

/ / /

/ / /

**MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *rev'd on other grounds by* 506 U.S. 194 (1993).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

In his IFP Motion, Petitioner declares he is not presently employed and lives on $1,180 a month ($780 in retirement benefits and $400 from an unspecified source). IFP Mot. at 2. He has $120 in his checking accounts and a 2002 Cadillac DeVille that he values at $100. *Id.* at 2–3. Per Petitioner, his monthly expenses come to $1,515. Of that total, $800 goes to utilities, food, and transportation, while the rest is allocated to laundry,

medical expenses, insurance premiums, credit card debt, and printing costs. *Id.* at 4. Petitioner's estimated monthly expenses thus exceed his expected income by $335.

The Court finds Petitioner has sufficiently established that he would be unable to pay the filing fee and afford the necessities of life. His IFP Motion is thus **GRANTED**.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I.   Legal Standard

A complaint filed by litigant proceeding IFP is subject to *sua sponte* dismissal if it is "frivolous, [is] malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."); *Garrett S. v. Kijakazi*, No. 22-CV-2006-MMA (WVG), 2023 WL 2959896, at *1–2 (S.D. Cal. Mar. 10, 2023) (screening petition for writ of mandamus pursuant to § 1915(e)(2)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). So, to survive screening, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)).

/ / /

## II. Discussion

Per the Petition, Petitioner and his sister have been embroiled in bankruptcy proceedings for several years. *See generally* Pet. Petitioner states that, in 2013, Respondent and U.S. Bankruptcy Judge Christopher B. Latham improperly dismissed said proceedings. *See id.* at 1. In an appeal filed in this District, former Chief Judge Irma Gonzalez vacated Judge Latham's order after finding Petitioner and his sister had not been provided sufficient opportunity to avoid the dismissal. *See id.*; *In re Bauman*, No. 12-CV-2476-IEG RBB, 2013 WL 4679987, at *1–2 (S.D. Cal. Aug. 29, 2013). Since then, Petitioner and his sister have apparently faced several additional dismissals in bankruptcy court, including one issued by Judge Latham in 2016 (the "2016 Dismissal"). *See* Pet. at 7–8; ECF No. 1-2 at 8–14.[1] Petitioner now asks this Court to issue a writ of mandamus directing Judge Latham to (1) vacate the 2016 Dismissal; (2) recuse himself; or (3) transfer the relevant proceedings to a different federal court. *See* Pet. at 7–8.

Unfortunately for Petitioner, this Court does not have the authority to issue a writ of mandamus to the bankruptcy court. *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1393 (9th Cir. 1987); *see also Crowley v. U.S. Bankr. Ct.*, No. 3:12-CV-647-RCJ-VPC, 2012 WL 6513149, at *1 (D. Nev. Dec. 12, 2012) ("[T]he Ninth Circuit has 'recognized that a district court lacks the authority to issue a writ of mandamus to a bankruptcy court . . . .'" (quoting *Ayrs v. Greenwald*, 21 F.3d 1111, at *1 (9th Cir. 1994))). As the Court cannot grant the requested relief, the Petition is **DENIED**.

Before concluding, the Court notes that since his successful 2013 appeal, Petitioner has continued filing similar actions—though apparently without much interest in actually pursuing them.[2] *See, e.g.*, Order Dismissing Appeal, *In re Bauman*, No. 14-CV-495-BAS

---

[1] Citations to documents attached to the Petition refer to the blue CM/ECF numbers stamped across the top margin of each page.

[2] Additionally, the very theory raised in the Petition has been rejected on its merits at least once before. *See In re Bauman*, No. 3:17-BK-06250, 2020 WL 1899557, at *10 (B.A.P. 9th Cir. Apr. 16, 2020)

4

(DHB) (S.D. Cal. Nov. 13, 2014), ECF No. 26 (dismissing action for failure to prosecute); Order Dismissing Appeal, *In re Bauman*, No. 17-CV-271-BAS-MDD (S.D. Cal. Aug. 2, 2017), ECF No. 10 (dismissing for lack of prosecution and failure to comply with rules of procedure and prior court orders); Order Denying Renewed Motion to Proceed IFP and Dismissing Appeal Without Prejudice, *In re Bauman*, 24-CV-485 JLS (BLM) (S.D. Cal. April 8, 2024), ECF No. 9 (dismissing appeal for failure to pay filing fee or file timely motion to proceed IFP).

The Court therefore takes this opportunity to remind Petitioner of the potential consequences of vexatious litigation, about which Petitioner was cautioned by former Chief Judge Gonzalez over a decade ago:

> Appellants' voluminous motion practice in this matter, both before the bankruptcy court and on appeal, has approached vexatiousness. And the Court is well aware of Appellant Marin's "extensive history of frivolous litigation." Accordingly[,] Appellants are hereby cautioned that unchecked, frivolous motion practice may result in a vexatious litigant order.

*In re Bauman*, 2013 WL 4679987, at *1 n.1 (quoting *Marin v. Escondido Care Ctr.*, 2012 WL 5463688, at *2 (S.D. Cal. Nov.7, 2012)). The Court echoes that warning here and advises Petitioner that courts can enjoin litigants "with abusive and lengthy histories of litigation" from "filing further actions or papers unless he . . . first meets certain requirements, such as obtaining leave of the court." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

///
///
///
///

---

(rejecting argument that former Chief Judge Gonzalez's 2013 decision provided grounds for reversing dismissal orders issued in later bankruptcy proceedings).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Petitioner's IFP Motion (ECF No. 2) and **DENIES** the Petition **WITHOUT LEAVE TO AMEND**. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 11, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge